**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

MIDDLE DISTRICT OF FLORIDA

Case number *(if known)* _____     Chapter    **11**

☐ Check if this is an
  amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/25**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Contour Spa Onion Creek LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **92-3475217** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **11111 S I-35**<br>**Suite 103**<br>**Austin, TX 78747**<br>Number, Street, City, State & ZIP Code | **8762 Lake Tibet Court**<br>**Orlando, FL 32836**<br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Travis**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)  _____

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor **Contour Spa Onion Creek LLC**                     Case number (*if known*) _____
     Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**2199**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

Debtor    **Contour Spa Onion Creek LLC**                                         Case number (*if known*) _____
     Name

List all cases. If more than 1,
attach a separate list          Debtor    **See Attachment**                        Relationship _____
    District _____     When _____    Case number, if known _____

**11.** **Why is the case filed in** *this district?*    *Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
   Contact name _____
   Phone _____

### Statistical and administrative information

**13.** **Debtor's estimation of available funds**    .    *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14.** **Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15.** **Estimated Assets**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16.** **Estimated liabilities**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | Contour Spa Onion Creek LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **June 12, 2025**
MM / DD / YYYY

X **/s/ Roger A. Farwell**
Signature of authorized representative of debtor

**Roger A. Farwell**
Printed name

Title **CEO of Contour Spas LLC, as Managing Member**

**18. Signature of attorney**

X **/s/ Jimmy D. Parrish**
Signature of attorney for debtor

Date **June 12, 2025**
MM / DD / YYYY

**Jimmy D. Parrish 0526401**
Printed name

**Baker & Hostetler LLP**
Firm name

**200 S. Orange Ave.
Suite 2300
Orlando, FL 32801**
Number, Street, City, State & ZIP Code

Contact phone **407-649-4000**   Email address **jparrish@bakerlaw.com**

**0526401 FL**
Bar number and State

Debtor    **Contour Spa Onion Creek LLC**                    Case number (*if known*) _____
          Name

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

MIDDLE DISTRICT OF FLORIDA

Case number (*if known*) _____    Chapter    **11**

☐ Check if this is an
amended filing

## FORM 201. VOLUNTARY PETITION

### Pending Bankruptcy Cases Attachment

| | | | |
|---|---|---|---|
| Debtor | **Contour Spa LLC** | Relationship to you | **Managing Member** |
| District | **Middle District of Florida**   When  **6/11/25** | Case number, if known | **6:25-bk-3602** |
| Debtor | **See attached** | Relationship to you | |
| District |   When | Case number, if known | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| In Re: | Case No.: |
|---|---|
| **CONTOUR SPA, LLC,**[1] | |
| **Debtor.** | |

## LIST OF AFFILIATED DEBTORS COMMENCING CHAPTER 11 CASES

| Debtor | Last Four Digits of EIN |
|---|---|
| Contour Spa LLC | 7142 |
| Contour Spa Ann Arbor LLC | 4357 |
| Contour Spa Birmingham LLC | 5184 |
| Contour Spa Bridgeville LLC | 0888 |
| Contour Spa Canton LLC | 1514 |
| Contour Spa Cherry Creek LLC | 9245 |
| Contour Spa Cool Springs LLC | 7253 |
| Contour Spa Evansville LLC | 2607 |
| Contour Spa Fox Chapel LLC | 3857 |
| Contour Spa Gilbert LLC | 8679 |
| Contour Spa Glendale LLC | 0819 |
| Contour Spa Green Hills LLC | 9909 |
| Contour Spa Hendersonville LLC | 3824 |
| Contour Spa Lafayette LLC | 5401 |
| Contour Spa Mason LLC | 6508 |
| Contour Spa Murfeesboro LLC | 2451 |
| Contour Spa Natick LLC | 2261 |
| Contour Spa New Braunfels LLC | 1733 |
| Contour Spa Onion Creek LLC | 5217 |
| Contour Spa Polaris LLC | 0222 |
| Contour Spa Rochester Hills LLC | 3510 |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers are: Contour Spa LLC (7142); Contour Spa Ann Arbor LLC (4357); Contour Spa Birmingham LLC (5184); Contour Spa Bridgeville LLC (0888); Contour Spa Canton LLC (1514);  Contour Spa Cherry Creek LLC (9245); Contour Spa Cool Springs LLC (7253); Contour Spa Evansville LLC (2607); Contour Spa Fox Chapel LLC (3857); Contour Spa Gilbert LLC (8679);  Contour Spa Glendale LLC (0819); Contour Spa Green Hills LLC (9909); Contour Spa Hendersonville LLC (3824); Contour Spa Lafayette LLC (5401); Contour Spa Mason LLC (6508); Contour Spa Murfeesboro LLC (2451); Contour Spa Natick LLC (2261); Contour Spa New Braunfels LLC (1733); Contour Spa Onion Creek LLC (5217); Contour Spa Polaris LLC (0222); Contour Spa Rochester Hills LLC ( 3510); Contour Spa Scottsdale LLC (6372); Contour Spa West Lake LLC (9297); Contour Spa LLC Wexford LLC (0883).  The Debtors' mailing address is 8762 Lake Tibet Court, Orlando, FL 32836.

4916-8661-8701.1

2

| Contour Spa Scottsdale LLC | 6372 |
| Contour Spa West Lake LLC | 9297 |
| Contour Spa Wexford LLC | 0883 |

2

**ACTION BY WRITTEN CONSENT OF THE
MEMBERS AND MANAGERS OF
CONTOUR SPA, LLC**

**June 11, 2025**

The undersigned, being two of the Managers (the "Managers") of Contour Spa, LLC, a Florida Limited Liability Company (the "Company"), hereby adopt the following resolutions, effective as of the first date written above, and hereby consent to the adoption of the below resolutions, effective as of the first date written above:

**Chapter 11 Filing and Retention of Professionals**

**WHEREAS,** the Managers have considered, among other things, the financial and operational condition of the Company and the Company's business on the date hereof, the assets of the Company, the current and long-term liabilities of the Company, the liquidity situation of the Company, the strategic alternatives available to it, the effect of the foregoing on the Company's business, and the advice of management and the Company's legal advisors.

**WHEREAS,** the Company has had the opportunity to consult with the management and legal advisors of the Company and to fully consider each of the strategic alternatives available to the Company.

**NOW, THEREFORE, BE IT RESOLVED,** that, for the purposes of the following resolutions, the undersigned Managers of the Company and their delegates, if any, shall be "Authorized Officers" empowered to act with respect to the actions authorized in these resolutions.

**FURTHER RESOLVED** that, in the judgment of the Managers, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or caused to be filed, a voluntary petition for relief (together with the chapter 11 cases of the Company's affiliates, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

**FURTHER RESOLVED,** that the Authorized Officers, as applicable, be, and each of them hereby are, authorized and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

**FURTHER RESOLVED,** that the Company and each of the Authorized Officers and, as applicable, is hereby authorized, directed, and empowered, on behalf of the Company, to employ the law firm of Baker & Hostetler LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to

advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, as applicable, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Baker & Hostetler LLP.

**FURTHER RESOLVED**, that each of the Authorized Officers, as applicable, be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of each of the Authorized Officers, as applicable, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

## Debtor-in-Possession Financing

**WHEREAS**, the Company requires immediate access to additional liquidity.

**WHEREAS**, the Company, through the Authorized Officers, has engaged with multiple potential lenders in the solicitation and negotiation of terms of a debtor-in-possession term loan facility (each, collectively including any related term sheets, credit agreements, security agreements, interim and final orders, and other related documents, a "Proposed DIP Credit Agreement"), which would be used to fund the operations of the Company and its affiliates that are debtors and debtors in possession in the ordinary course, fund the administration of the Chapter 11 Case, and pay the claims of certain vendors, employees, tenants, and other stakeholders in the ordinary course of business during the Chapter 11 Case.

**WHEREAS**, the Managers have been advised of the material terms of the Proposed DIP Credit Agreements.

**NOW, THEREFORE, BE IT RESOLVED**, that Roger A. Farwell (an Authorized Officer) is authorized and empowered on behalf of the Company to finalize, execute, and deliver the Proposed DIP Credit Agreement that the Authorized Officers select as being in the best interests of the Company, its creditors, and other parties in interest (such Proposed DIP Credit Agreement, the "DIP Credit Agreement").

**FURTHER RESOLVED**, that the Company's execution and delivery of, and its performance of its obligations (including guarantees) in connection with the DIP Credit Agreement, are hereby, in all respects, authorized and approved.

**FURTHER RESOLVED**, that each of the Authorized Officers, as applicable, is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take such actions as in its discretion is determined to be necessary, desirable, proper, or advisable to give effect to these resolutions and to negotiate, execute, deliver, file, perform, and cause the performance of the DIP Credit Agreement, the transactions contemplated thereby, and any and all other documents, certificates, instruments, real estate filings, recordings, security

assignments, agreements, intercreditor agreements, petitions, motions, or other papers or documents to which the Company is or will be a party or any order entered into in connection with the Chapter 11 Case, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions thereof (collectively with the DIP Credit Agreement, the "Financing Documents") necessary to consummate the transactions contemplated by the DIP Credit Agreement, including providing for adequate protection to the Company's existing secured lenders in accordance with section 363 of the Bankruptcy Code, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Officers, as applicable, may in their sole and absolute discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Officers, as applicable, is hereby authorized to be by facsimile, engraved or printed as deemed necessary and preferable.

**FURTHER RESOLVED**, that each of the Authorized Officers, as applicable, be, and hereby is, authorized and directed to seek authorization to enter into the DIP Credit Agreement and to seek approval of the use of collateral pursuant to a postpetition financing order in interim and final form with such changes therein, additions, deletions, amendments, or other modifications thereto as any Authorized Officer, as applicable, may in their sole and absolute discretion approve.

**FURTHER RESOLVED**, that the Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Credit Agreement, including granting liens, guarantees, and providing equity pledges to secure such obligations.

**FURTHER RESOLVED**, that each of the Authorized Officers, as applicable, be, and hereby is, authorized and directed to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Credit Agreement and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Credit Agreement, which shall in their reasonable business judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Credit Agreement and to fully carry out the intent of the foregoing resolutions.

**FURTHER RESOLVED**, that the Managers hereby ratify and confirm all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified.

## General

**NOW, THEREFORE, BE IT RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Officers, as applicable, be, and hereby are, authorized and directed to do and perform all such other acts, deeds and things and to make,

negotiate, execute, deliver and file, or cause to be made, negotiated, executed, delivered and filed, all such agreements, undertakings, documents, plans, instruments, certificates, registrations, notices or statements as such Authorized Officers may deem necessary or advisable to effectuate or carry out fully the purpose of the foregoing resolutions, and the taking of such actions or the execution of such documents by any such Authorized Officers shall be conclusive evidence that such Authorized Officers deems such action or the execution and delivery of such document to be necessary or advisable and to be conclusive evidence that the same is within the authority conferred by the resolutions herein, and that any and all actions taken heretofore and hereafter to accomplish such purposes, all or singular, be, and they hereby are, approved, ratified and confirmed.

**FURTHER RESOLVED**, that the Managers have received sufficient notice of the actions and transactions relating to the matters contemplated by the resolutions herein, as may be required by the organizational documents the Company or hereby waive any right to have received such notice.

**FURTHER RESOLVED**, that this written consent may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together will constitute one and the same instrument, and that this written consent may be delivered via facsimile or electronic transmission with the same force and effect as if it had been delivered manually.

**FURTHER RESOLVED**, that the Managers hereby ratify and confirm all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF**, the undersigned Managers of the Company have executed this Action by Written Consent as of and effective on June 11, 2025.

Ronald Leventhal

Roger Farwell

C:\Users\brtaylor\Desktop\Written Consent of Contour Spa LLC - Bankruptcy Filing.docx

Fill in this information to identify the case:

Debtor name   **Contour Spa Onion Creek LLC**

United States Bankruptcy Court for the:   **MIDDLE DISTRICT OF FLORIDA**

Case number (if known): _____

☐ Check if this is an

amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders 
**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Air Supply of North Texas 2829 Ft Worth Ave Dallas, TX 75211 | Amelia Delrio amelia@airsupplynt.com 214-337-4761 | Trade debt | | | | $0.00 |
| Alpha Capital Solutions 6550 Congress Ave Boca Raton, FL 33487 | info@alphacapitalsolutions.com 954-841-7810 | MCA Funding | | | | $44,000.00 |
| AT&T c/o Business Bankruptcy PO Box 769 Arlington, TX 76004 | 888-826-0132 | Phone and Internet | | | | $0.00 |
| Bill.com Divvy Card 6220 America Center Dr. Suite 100 San Jose, CA 95002 | account-services@inform.bill.com | Credit card purchases | | | | $8,000.00 |
| Cashable LLC 1221 McDonald Ave. Brooklyn, NY 11203 | office@cashablefunding.com 929-531-9989 | MCA Funding | | | | $98,182.00 |
| Ceterus Accounting 4900 O'Hear Ave, Ste 100 PMB 125 North Charleston, SC 29405 | William Worthy williamw@ceterus.com 800-571-6119 | Services | | | | $0.00 |
| Libertas Funding, LLC 411 West Putnam Ave. Suite 220 Taftville, CT 06380 | customer.service@libertasfunding.com 800-8675704- | MCA Funding | | | | $337,500.00 |

Debtor   **Contour Spa Onion Creek LLC**                                   Case number *(if known)*
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Libertas Funding, LLC**<br>**411 West Putnam Ave.**<br>**Suite 220**<br>**Taftville, CT 06380** | **customer.service@ libertasfunding.co m**<br>**800-704-0675** | **MCA Funding** | | | | **$204,038.00** |
| **Onion Creek Center, LLC 1992**<br>**c/o Tarantino Properties, In**<br>**502 E. 11th St, Suite 400**<br>**Austin, TX 78701** | **April Simmons**<br><br>**april@tarantino.co m**<br>**512-302-4500** | **Lease** | | | | **$1,913.49** |

Official form 204          Chapter 11 or Chapter 9 Cases: List Of Creditors Who Have the 20 Largest Unsecured claims          page 2

.

Contour Spa Onion Creek LLC
8762 Lake Tibet Court
Orlando, FL 32836

Onion Creek Center, LLC 1992
c/o Tarantino Properties, In
502 E. 11th St, Suite 400
Austin, TX 78701

Jimmy D. Parrish
Baker & Hostetler LLP
200 S. Orange Ave.
Suite 2300
Orlando, FL 32801

Air Supply of North Texas
2829 Ft Worth Ave
Dallas, TX 75211

Alpha Capital Solutions
6550 Congress Ave
Boca Raton, FL 33487

AT&T
c/o Business Bankruptcy
PO Box 769
Arlington, TX 76004

Bill.com Divvy Card
6220 America Center Dr.
Suite 100
San Jose, CA 95002

Cashable LLC
1221 McDonald Ave.
Brooklyn, NY 11203

Ceterus Accounting
4900 O'Hear Ave, Ste 100
 PMB 125
North Charleston, SC 29405

Libertas Funding, LLC
411 West Putnam Ave.
Suite 220
Taftville, CT 06380